275 So.2d 432 (1973)
Pervis L. EVANS, Plaintiff-Appellee,
v.
LIFETIME SECURITY LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 12042.
Court of Appeal of Louisiana, Second Circuit.
March 6, 1973.
Watson, Murchison, Crews & Arthur by William P. Crews, Jr., Natchitoches, for defendant-appellant.
Bethard & Bethard by Henry W. Bethard, III, Coushatta, for plaintiff-appellee.
Before AYRES, PRICE and HALL, JJ.
PRICE, Judge.
Pervis L. Evans brought this action seeking to recover benefits alleged to be due him under a hospital indemnity policy issued by Lifetime Security Life Insurance Company.
The primary issue in dispute is the number of days for which plaintiff is entitled to payment under the provisions of the policy for a hospital confinement of himself and his minor daughter.
*433 Plaintiff entered the L'Herisson Hospital in Coushatta on January 15, 1972, and was discharged around 9:00 p. m. on January 29, 1972. His daughter was hospitalized in the same institution from February 8, 1972, until her discharge at about 9:00 p. m. on February 18, 1972. Subsequent to the submission of proof of claim forms by plaintiff, but prior to any payment being made of any benefits by defendant, a dispute arose between the parties as to the number of days benefits are due and owing under the pertinent provisions of the policy. Plaintiff contends his confinement from January 15 to January 29th entitles him to fifteen days of benefits for a total sum of $285, and that his daughter's confinement from February 8th to February 18th should be considered eleven days for a total benefit of $102.19. Defendant contends since no charges were made by the hospital in either of these confinements for the day of discharge, that the number of days which benefits are payable are fourteen and ten days, respectively, for total benefits of $266 and $92.80.
The trial court awarded judgment in favor of plaintiff for the full amount of benefits claimed by him under the policy, together with penalties and attorney's fees claimed by plaintiff for failure to pay the claim within the thirty day period provided by LSA-R.S. 22:657. From this judgment defendant has suspensively appealed, assigning as error the interpretation of the trial judge of the policy provisions relating to the number of days that accrued for benefits under the two confinements involved and the assessment by the court of penalties and attorney's fees.
The first two paragraphs of the subject policy read as follows:

"DOES HEREBY INSURE
the person named in the Schedule (herein called the insured) and promises to pay benefits for loss because of hospital confinement of a covered person caused by injury or sickness, to the extent herein provided.

HOSPITAL CONFINEMENT BENEFIT PAYABLE FOR LIFE
if injury or sickness confines the covered person within a hospital for 24 hours or more while this policy is in force, the Company periodically will pay benefits at the rate of the applicable Weekly Benefit specified in the Schedule for the period of such confinement and for as long as such person shall live."
Defendant argues that there is a requirement that a person be confined in a hospital for the full twenty-four hours of each day that benefits are claimed in accordance with the language of the policy reading "If injury or sickness confines the covered person within a hospital for 24 hours or more while the policy is in force, the company will * * *."
Defendant points to the preceding clause of the policy declaring the purpose to provide benefits for "loss because of hospital confinement * * *," and argues that the clear intent of the policy is only to pay benefits for the number of days an insured is charged for hospital care.
We do not agree with this interpretation of the policy. This policy is not a hospitalization policy designed for reimbursement of actual medical expenses but is intended to provide cash benefits to the insured while confined in a hospital. The policy itself describes its purposes in the following language: "The Extra Security Cash PlanHospital Confinement Policy."
The "24 hour requirement" of the provision relied on by defendant in support of its position is not intended to relate to the method of calculating the period for which benefits are payable but is a prerequisite period of time a person must be confined before any benefits begin to accrue under the policy. The use of this language was probably intended to clearly negate any inference of coverage for out patient treatment. The policy does not say benefits will be payable for each 24 hour period the insured is hospitalized but provides benefits *434 at the applicable weekly rate for the period of a confinement provided the period is 24 hours or more. The term "24 hours or more" is indicative that the 24 hour provision is used solely as a condition precedent to the right to claim benefits.
Even if it can be said that this clause of the policy is ambiguous in its meaning, then we must follow the jurisprudential rule that ambiguities in policy provisions should be construed against the insurer who confected the contract.
We are in accord with the trial judge's conclusion that the subject policy provides benefits to the insured for each calendar day, or portion thereof, he or a covered person is confined in a hospital and that these benefits are not contingent on charges being made by the hospital.
Defendant contends the trial court improperly awarded penalties and attorney's fees under the circumstances of this case as payment of the amount defendant reasonably believed was owed to plaintiff under the terms of the policy were tendered to him within a period of thirty days of receipt of the proof of claim in the case of Joyce Evans, and within thirty days after completion of the verification of certain medical history relating to the claim of Pervis Evans.
In the resolution of this issue we do not find it necessary to discuss in detail all of the evidence on which defendant relies to prevent the application of penalties and attorney's fees. The evidence does not reflect that a proper tender was made of the amount of benefits admitted to be due plaintiff within the period of time specified by R.S. 22:657, paragraph "A" of which provides as follows:
"A. All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court. The district court of the parish where the insured lives or has his domicile shall have jurisdiction to try such cases."
In connection with the claim for benefits on Pervis Evans, the proof of claim form was admittedly received on February 15, 1972, and even conceding defendant was justified in requesting further medical history to complete the evaluation of this claim, this was completed to defendant's satisfaction by April 7th. The claim on Joyce Evans' confinement was acknowledged to have been received March 22, 1972. The record also reflects that defendant was aware that a dispute existed over the number of days benefits had accrued under each of these claims at the time it tendered two checks, dated April 7, 1972, to plaintiff purportedly in payment of these claims. Each of these checks was attached to a stub or voucher which provided that it was issued in full and final settlement of the claim arising from the confinement of the insured under the policy. As the amounts of these checks did not cover benefits for the last day of confinement in each case as claimed by plaintiff, they were returned by plaintiff's counsel to defendant with a demand that proper payment be made within five days or suit *435 would be filed claiming penalties and attorney's fees in addition to benefits accrued under the policy. This action was filed on April 29th. No further tender was made by defendant until September 8, 1972, when defendant deposited the sum admitted owing by it into the registry of the court.
Should the attempted tender by issuance of the checks on April 7th not constitute an appropriate legal tender, then there is no question that defendant was properly assessed penalties and attorney's fees.
In view of defendant's knowledge that a dispute existed as to the amount of benefits owing under the two claims submitted by plaintiff, its action in affixing the language on the check stub that acceptance thereof constituted full and final satisfaction of the pending claims, made this a conditional tender in the nature of an offer to compromise. Such an offer does not constitute a legal tender under the jurisprudence. Snyder v. Automobile Owners Safety Insurance Company, 225 So.2d 275 (La.App. 4th Cir. 1969). Nor is it material that the qualifying language was on the stub attached to the checks rather than on the checks itself. Had plaintiff accepted these checks by cashing same he would have effected a compromise of the remainder of his claims. Henriques v. Vaccarro, 220 La. 216, 56 So.2d 236 (1951).
The discussion of the court in the case of Guillory v. New York Fire and Marine Insurance Co., 201 So.2d 366 (La.App. 3d Cir. 1967), relating to the failure of an insurer to make a partial tender of the amount admittedly due within the time prescribed by 22:658, to avoid penalties, is equally applicable to Section 657 with which we are involved in this case and we quote therefrom as follows:
"However, if the insurer fails to pay or tender the part indisputably due, it is then liable under the statute for penalties for the full amount of the claim for which cast in a suit by the claimant. Steadman v. Pearl Assurance Co., cited above, at [242 La. 84,] 134 So.2d [884,] 888; Fruge v. Pacific Employers Insurance Co., 226 La. 530, 76 So.2d 719; Sensat v. State Farm Fire and Cas. Co., La. App., 3 Cir., 176 So.2d 804, certiorari denied. Further, the partial tender required must be absolute and unconditional, so that an offer to settle in full the entire claim for the amount indisputably due will not exculpate an insurer from penalties for arbitrary failure to pay when there is no reasonable dispute as to the insurer's liability. Sensat v. State Farm Fire and Cas. Co., cited above; Fruge v. Hub City Iron Works, La.App. 3 Cir., 131 So.2d 593, certiorari denied."
We are in accord with the trial judge's finding that the only legal tender made of the amount not in dispute was not until September 8, 1972, and that there were no just and reasonable grounds such as would put a reasonable man on his guard and have him refuse to pay the sums not in dispute and, if necessary, to litigate the disputed amount.
There is no complaint by either party as to the correctness of the amount of penalty assessed in accordance with the statute nor the amount of attorney's fees fixed by the court.
For the foregoing reasons the judgment appealed from is affirmed at appellant's costs.