0848

Harland D. KELLY, Respondent v. MID-SOUTH INSURANCE COMPANY, Appellant.

(352 S. E. (2d) 499)

Court of Appeals

*Forrest C. Wilkerson*, of *Roddey, Carpenter & White*, Rock Hill, *for appellant*.

*Charles H. Chiles*, and *Charles W. Blackwell*, of *McMehan & Blackwell*, Rock Hill, *for respondent*.

Heard Nov. 19, 1986.

Decided Dec. 29, 1986.

SHAW, Judge:

Respondent, Harland D. Kelly, brought this action against appellant Mid-South Insurance Company, to recover benefits under a health insurance policy. The trial court heard the case on facts stipulated by the parties and found for Kelly. Mid-South appeals and we reverse.

The parties agree Kelly was covered under a health insurance policy issued by Mid-South, effective September 1, 1983. The parties also agree Kelly was hospitalized in the summer of 1984 for alcoholism in a section of Elliott White Springs Memorial Hospital for alcoholics and drug addicts. Mid-South denied coverage claiming the policy does not cover expenses incurred from hospitalization for alcoholism. The trial court found the policy ambiguous and ruled for Kelly under the general principle ambiguous insurance policies are construed in the way most favorable to the insured. *McCracken v. Government Employees Insurance Company*, 284 S. C. 66, 325 S. E. (2d) 62 (1985).

We hold the trial court erred in finding the insurance policy ambiguous. The policy in question does provide coverage for certain hospital expenses. However, the term hospital is defined in the policy:

> The word "hospital" does not include ... a place for alcoholics ... even though such ... place for alcoholics ... is otherwise a section or unit of a "hospital" as hereinbefore described.

Kelly admits his expenses were incurred in such a place as excluded in the above definition. However, the trial judge concentrated on another provision in the policy which he perceived to be contradictory with any exclusion in the definition of hospital, and thus found the policy ambiguous.

The provision the trial judge found contradicted any exclusion in the definition of hospital sets $10,000.00 as the maximum benefit for alcoholism. However, this provision must be read along with the policy's schedule of insurance which clearly limits coverage of expenses due to alcoholism to psychiatric treatment or consultation charges. This schedule appears in the policy on the page immediately after the page containing the $10,000.00 maximum coverage provision for alcoholism.

A court, in construing an insurance policy, should consider all of the policy's provisions and an ambiguity may not be created by singling out one phrase. *Yarborough v. Phoenix Mutual Life Insurance Company*, 266 S. C. 584, 225 S. E. (2d) 344 (1976). We hold this insurance policy, when read as a whole, is clear and cannot be reasonably interpreted to cover hospital expenses for alcoholism.

We further hold the trial court erred in awarding Kelly attorney's fees since Mid-South litigated a meritorious issue. *Greene v. Durham Life Insurance Company*, 287 S. C. 197, 336 S. E. (2d) 478 (1985).

Finally, because of our holding on the issue of coverage, we need not address Mid-South's appeal on the amount of benefits awarded Kelly.

Reversed.

SANDERS, C. J., and GARDNER, J., concur.