**Jo Ann HARRISON, Plaintiff,**

**v.**

**BENEFIT TRUST LIFE INSURANCE COMPANY, Defendant.**

**No. WC85–133–NB–O.**

United States District Court,
N.D. Mississippi, W.D.

Feb. 27, 1987.

David Walker, Batesville, Miss., for plaintiff.

Michael N. Watts, Oxford, Miss., for defendant.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause came before the court on the defendant's motion for partial summary judgment on the issues of punitive and extra-contractual compensatory damages, including mental and emotional distress and attorney's fees. Upon due consideration of the motion, memoranda, and evidentiary material, the court is in a position to rule on the motion.

### I. Introduction

The plaintiff brought this action to recover policy benefits under a supplemental health insurance policy and punitive and extra-contractual damages, alleging the following causes of action:

(1) fraud in the inducement;

(2) breach of implied covenant of good faith and fair dealing; and

(3) bad faith in denying the plaintiff's claim.

In her brief in opposition to the defendant's motion, the plaintiff expressly withdraws the fraud in the inducement claim. In addition, the plaintiff concedes that the law in Mississippi imposes a duty of good faith and fair dealing upon an insurance company only when it is in the position of a liability insurer and is contractually obligated to defend its insured from suit. *See State Farm Mut. Auto Ins. Co. v. Commercial Union Ins. Co.*, 394 So.2d 890, 894 (Miss.1981). No such duty has been recognized in the context of a first-party insurance contract. *Gorman v. Southeastern Fidelity Ins. Co.*, 621 F.Supp. 33, 38 (S.D.Miss.1985) (no fiduciary relationship or duty exists between insurer and insured in a first-party insurance contract); *Equitable Life Assurance Society v. Weil*, 103 Miss. 186, 60 So. 133, 134 (1912). Thus, the remaining cause of action is based on the alleged bad faith on the

part of the defendant in handling and denying the plaintiff's claim.

## II. Facts

This action arose from the following uncontested facts. In 1973 American Health and Life Insurance Company [hereinafter referred to as "American"] issued a supplemental health insurance policy which provided coverage to the plaintiff and her family. On April 8, 1982, the plaintiff was involved in an auto accident and sustained personal injuries. The plaintiff allegedly gave oral notice to American on April 9, 1982.

On April 1, 1984, the defendant Benefit Trust Life Insurance Company [hereinafter referred to as "Benefit Trust"] assumed all assets and obligations of American, including the policy in dispute, and began processing claims on June 1, 1984. In a letter dated August 14, 1984, the plaintiff's attorney asked whether Benefit Trust had paid any benefits for medical expenses incurred in the plaintiff's accident in 1982. Benefit Trust's claims manager, Diane Eckholm, checked the claims files maintained by both American and Benefit Trust and, finding no claim for such expenses, consulted with her supervisor, Milton Fry, Benefit Trust's Assistant Vice President for Claims, regarding corporate policy as to late proofs of loss. In a letter dated August 27, 1984, Eckholm advised the plaintiff's attorney that Benefit Trust had no record of a claim arising out of the plaintiff's 1982 accident and forwarded a proof of loss form.

The plaintiff submitted a proof of loss on October 11, 1984. Fry instructed Eckholm to adhere to the policy language regarding late proofs of loss and determine if the deductible was met within any eligible period. Accordingly, Eckholm forwarded a letter denying the plaintiff's claim on November 9, 1984. Eckholm's letter explains that any eligible benefits would be limited to expenses incurred within one year prior to August 16, 1984, the date Benefit Trust received notice of the plaintiff's accident and expenses, as a result of the prescribed time limit for written proofs of loss. In addition, Eckholm's letter gives notice of

Benefit Trust's decision to deny the plaintiff's entire claim for failure to meet the $500.00 deductible within a benefit period of 90 consecutive days. Under the policy, the deductible is equal to the "Minimum Qualifying Amount," defined as follows:

> This is the dollar amount (as specified in the Schedule on Page 8) of eligible expenses which must be incurred for care or treatment of an injury or illness, within a period of 90 consecutive days, before a Benefit Period will be considered as having commenced.

The notice of denial provides for reconsideration:

> Our decision in this matter has been based on information in our file. We are willing to answer any questions, or review any additional information you may wish to submit which would have any effect on the consideration that has been given to Mr. [sic] Harrison's request for benefits.

Upon receipt of a letter dated November 20, 1984, requesting reconsideration, Eckholm consulted William Essig, Benefit Trust's assistant general counsel. In accordance with Essig's instructions, a claims processor prepared a chronological chart of the plaintiff's medical expenses. Eckholm and the processor reviewed the chart and found no period during which the deductible was met. Having been advised of the review, Essig wrote the plaintiff's counsel on December 11, 1984:

> For benefits to be received under this policy, it is necessary to incur $500 of expenses in a 90–day period. [Ms. Eckholm] advises me that based on this schedule there was no period of time during which Mrs. Harrison incurred $500 of expense. If you can find a period of 90 days during which $500 of expense was incurred during the period from April 9, 1982 through August 23, 1984, we will certainly be willing to consider payment of benefits according to the policy.

The plaintiff brought this action on May 29, 1985. Thereafter, Eckholm discovered her mistake when Benefit Trust's attorney asked whether the policy in dispute con-

tains a reduced deductible clause under which the plaintiff would qualify. Eckholm had overlooked the following provision in the policy:

> If within 365 days after the commencement of a Benefit Period for coverage of loss due to an injury or illness of one covered person
>> (a) he incurs a subsequent loss due to a wholly unrelated injury sustained or illness first manifested within that 365 day period, ...
>
> the Minimum Qualifying Amount with respect to each such subsequent loss will be reduced by one-half.

Since plaintiff had submitted a claim for an unrelated injury within the previous year, Benefit Trust determined that the deductible should have been reduced to $250.00, thereby entitling the plaintiff to benefits. Before filing its answer to the complaint, Benefit Trust tendered to the plaintiff payment for benefits plus interest which the plaintiff rejected.

### III. Summary Judgment on Bad Faith Claim

■ The plaintiff argues that a federal district court in a diversity bad faith case cannot decide as a matter of law whether an insurer had an arguable or legitimate reason for denial. The case cited by the plaintiff distinguishes federal procedure from state procedure with respect to the functions of the judge and jury in a bad faith case. *Jones v. Benefit Trust Life Ins. Co.*, 617 F.Supp. 1542, 1544 (S.D.Miss. 1985), *aff'd, vacated and remanded on other grounds*, 800 F.2d 1397, 1400 (5th Cir.1986) (although a state court judge in Mississippi decides the arguable reason issue, federal procedure requires the jury to decide the issue in the presence of questions of fact). In the absence of a genuine issue of material fact, the federal district court is not precluded from entering summary judgment on the bad faith issue. *Patton v. Aetna Ins. Co.*, 595 F.Supp. 533, 536 (N.D.Miss.1984); *O'Connor v. Equitable Life Assurance Society of the United States*, 592 F.Supp. 595, 599 n. 2 (N.D. Miss.1984).

### IV. Benefit Trust's Failure to Reduce Minimum Qualifying Amount

In order to prevail on a bad faith claim, the insured must prove the absence of an arguable reason and

> either (1) that the insurer acted with malice or (2) that the insurer acted with gross negligence or reckless disregard for the rights of others.

*Aetna Casualty & Surety Co. v. Day*, 487 So.2d 830, 832 (Miss.1986). It is undisputed that Benefit Trust denied the plaintiff's claim without any arguable reason. Had the reduced minimum qualifying amount or deductible been applied, the plaintiff would have been eligible for benefits. However, the Mississippi Supreme Court has held that absence of an arguable reason does not mandate an award of punitive damages. *Id.* at 832–33 (citing *State Farm Fire and Casualty Co. v. Simpson*, 477 So.2d 242, 250 (Miss.1985)).

Benefit Trust asserts that Eckholm's oversight of the reduced minimum qualifying amount or deductible was an honest mistake. On the contrary, the plaintiff contends that Benefit Trust's wrongful denial was the result of gross negligence. The court in *Simpson* distinguishes between ordinary negligence and bad faith:

> ... the denial of a claim could be the result of an honest mistake or oversight—ordinary or simple negligence— not reaching the heightened status of an "independent tort" as set out in [*Standard Life Ins. Co. v.*] *Veal* [354 So.2d 239], *supra*, and other cases.... [T]his Court [has established] a distinction between ordinary torts, the product of forgetfulness, oversight, or the like; and heightened torts, which are the product of gross, callous or wanton conduct, or, if intentional, are accompanied by fraud or deceit.

477 So.2d at 250. The plaintiff relies on cases involving wrongful denial of claims on the ground of policy exclusions which had been declared void. *Richards v. Allstate Ins. Co.*, 693 F.2d 502 (5th Cir.1982); *Employers Mut. Casualty Co. v. Tompkins*, 490 So.2d 897 (Miss.1986). Clearly,

these cases are distinguishable from the instant action which involves an employee's misapplication of a valid policy provision.

The Mississippi Supreme Court has held that punitive damages will not lie "in cases of simple negligence involving miscalculation of premiums or benefits." *Consolidated American Life Ins. Co. v. Toche,* 410 So.2d 1303, 1305 (Miss.1982). In *Toche,* a credit life and disability insurer initially denied the plaintiff's claim and upon reconsideration honored the claim in part. In handling and evaluating the claim, the insurer's vice-president erroneously applied a $300.00 per month limitation on the amount of payable benefits. The court held that punitive damages were not recoverable for the insurer's error:

> ... [T]his record does not indicate, nor does the appellee argue that this error was even brought to the attention of the insurance company until after suit was filed. At most, this appears to be no more than a clerical error or honest mistake on the part of the agent of the insurance company. There is nothing about this conduct which would warrant the imposition of punitive damages.

*Id.* at 1306.

■ Similarly, the error in the instant action was not brought to Benefit Trust's attention until after suit was filed. The plaintiff at no time advised Benefit Trust of the error, in spite of Benefit Trust's requests for any information which would show that its denial was improper. Benefit Trust tendered payment of benefits upon learning of Eckholm's mistake. The court finds that Eckholm's misapplication of the minimum qualifying amount or deductible provisions was an honest mistake and therefore punitive damages are not recoverable.

### V. Insurer's Duty to Investigate

■ An insurance company has a duty to promptly and adequately investigate an insured's claim. *Banker's Life and Casualty Co. v. Crenshaw,* 483 So.2d 254, 276 (Miss.1986). The plaintiff contends that Benefit Trust conducted an inadequate investigation and, thus, acted in bad faith.

The cases cited by the plaintiff involve investigations extremely limited in scope. *See Merchants Nat'l Bank v. Southeastern Fire Ins. Co.,* 751 F.2d 771 (5th Cir. 1985) (negligent failure to conduct an investigation that would have disclosed insurance agent's knowledge of moral hazards at the time of issuance of policy); *Bankers Life and Casualty Co. v. Crenshaw,* 483 So.2d at 271–73 (failure to obtain all available medical information relevant to claim). The plaintiff argues that the assistant vice-president, assistant general counsel, and the claims manager reviewed the plaintiff's claims file and failed to discover the applicable provision. However, Eckholm testified in her deposition that she was the only person who fully reviewed and analyzed the plaintiff's claim and that she had primary responsibility for the claims files. Even if there were evidence of compounding of errors by the assistant vice-president and assistant general counsel, the court finds that Benefit Trust's investigation does not rise to the level of a "heightened tort." *See Fedders Corp. v. Boatwright,* 493 So.2d 301, 312 (Miss.1986) (series of errors and incompetence, absent malicious conduct or chicanery, does not justify an award of punitive damages).

### VI. Extra-Contractual Damages

■ In addition to punitive damages, the plaintiff seeks extra-contractual compensatory damages for attorney's fees and emotional distress. Compensatory damages over and above the underlying contract claim in a bad faith action are not recoverable unless punitive damages are recoverable. *State Farm Fire and Casualty Co. v. Simpson,* 477 So.2d at 253. *See Peel v. American Fidelity Assurance Co.,* 680 F.2d 374, 376–77 (5th Cir.1982) (extra-contractual damages must be based upon independent tort of bad faith requiring proof of an act "intentionally or willfully done or done with such grossness and recklessness as to evince utter indifference to consequences").

In light of the court's finding that Benefit Trust's handling of the plaintiff's claim does not exhibit bad faith, extra-contractu-

al damages clearly are not recoverable under the current law in Mississippi. The court in *Simpson* notes the limitation on attorney's fees:

> As to attorney's fees, the rule in the absence of statute is that they are not recoverable unless the facts are of such gross or willful wrong as to justify the infliction of punitive damages. *Cooper v. U.S. Fidelity & Guaranty Co.*, 186 Miss. 166, 188 So. 6 (1939); *Yazoo & M.V.R. Co. v. Consumers' Ice & Power Co.*, 109 Miss. 43, 67 So. 657 (1915).

477 So.2d at 253. Even though the facts in this action do not rise to the level of punitive damages, there should be some provision to compensate the plaintiff whose benefits were withheld until after suit was filed. The court observes that attorney's fees should be allowed in insurance contract actions for an insurer's wrongful denial of a claim, independent of any bad faith allegation. In recent years, the Mississippi Legislature has enacted statutes authorizing recovery of attorney's fees incurred in litigation arising out of commercial or business transactions. *See, e.g.,* Miss.Code Ann. § 11–31–2(3)(c) (attorney's fees recoverable for attachment suit brought in bad faith); § 11–53–81 (attorney's fees recoverable in suit on an open account). A recovery limited to insurance proceeds plus interest in the absence of a finding of bad faith does not fully compensate the insured who should have received all payable proceeds prior to litigation. The court is not in a position to award attorney's fees in this action. However, the court observes that such an award would be a reasonable alternative to the all-or-nothing standard for punitive and extra-contractual damages.

## VII. Conclusion

The court finds that there are no genuine issues of material fact as to the issue of bad faith. The court further finds that although the plaintiff's claim was erroneously denied, Benefit Trust did not act in bad faith. Therefore, the court finds that Benefit Trust's motion for partial summary judgment on the issues of punitive and extra-contractual damages is well taken and should be granted.

An order will issue accordingly.