22819

Harland D. KELLY, Petitioner v. MID-SOUTH INSURANCE COMPANY, Respondent.

(363 S. E. (2d) 904)

Supreme Court

*Charles H. Chiles* and *Charles W. Blackwell*, Rock Hill, *for petitioner.*

*Forrest C. Wilkerson*, of *Roddey, Carpenter & White, P.A.*, Rock Hill, *for respondent.*

Heard Oct. 19, 1987.

Decided Jan. 11, 1988.

NESS, Chief Justice:

Petitioner (Kelly) seeks review of a decision by the Court of Appeals that his hospitalization for alcoholism was not covered by an insurance policy issued by respondent (Company). We reverse.

The facts are not in dispute. While the policy was in effect Kelly was admitted to a special unit of Elliot White Springs Memorial Hospital (Hospital) for treatment of alcoholism. Kelly contends that the policy covered at least 80% of his hospital expenses. Company denied coverage.

The circuit court held the policy ambiguous, construed it against Company, and awarded Kelly one hundred percent of his expenses. The circuit court also awarded Kelly attorney's fees finding that Company's refusal to pay benefits was in bad faith. The Court of Appeals reversed, holding the policy was unambiguous in denying coverage to hospitalized alcoholics and Kelly was not entitled to attorney's fees. *Kelly v. Mid-South Ins. Co.*, 291 S. C. 158, 352 S. E. (2d) 499 (Ct. App. 1986). Kelly challenges the Court of Appeals' finding that the policy was not ambiguous.

The policy states the Major Medical Lifetime Maximum for alcoholism is $10,000. Immediately thereafter, under a section titled IMPORTANT FEATURES, it states what fees and services are covered while hospitalized and while an out-patient. The bottom of the page states "See Reverse Side for Limitations & Exclusions." There is nothing under the

discussion of benefits or exclusions which limits coverage of alcoholism.

The following page lists the Schedule of Benefits. Under MAJOR MEDICAL EXPENSE BENEFITS the policy states the maximum major medical expense benefits for "covered charges for psychiatric treatment or consultation for mental or nervous conditions, alcoholism or narcotism" are $10,000.

Following the lists of benefits and exclusions is a section titled "Coordination of Benefits." This is followed by a section titled "Additional Information for Insured Employee". A subsection is titled *"Definition of Hospital."* The last sentence of the subsection provides, "The word 'hospital' does not include ... a sanitorium, mental hospital ... or place for alcoholics or drug addicts even though such ... place is otherwise a section or unit of a 'hospital' as hereinbefore described." Kelly was treated in a special hospital unit for alcoholics which is admittedly within the description above.

The Court of Appeals relied on the language in the Schedule of Benefits in finding the policy unambiguous. The court read the language relating to maximum major medical expense benefits, quoted above, as clearly limiting coverage of expenses due to alcoholism to psychiatric treatment or consultation charges. However, the policy does not specifically provide for coverage for psychiatric treatment or consultation for alcoholism. Charges which are not specially included are specifically excluded, and therefore are specifically excluded, and therefore, under the Court of Appeals reading of the policy, there would be no coverage for treatment of alcoholism.

The policy is clearly ambiguous and its construction against Company leads to the conclusion Kelly's hospitalization was covered. *See e.g., McCracken v. Government Employees Ins. Co.,* 284 S. C. 66, 325 S. E. (2d) 62 (1985); *Gaskins v. Blue Cross Blue Shield of S.C.,* 271 S. C. 101, 245 S. E. (2d) 598 (1978).

The policy is ambiguous as well in regard to the amount of benefits Kelly is entitled to. Construing the policy most favorable to Kelly we conclude he is entitled to a total recovery of $4,082.58.

Reversed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.