**Vinton L. SISTRUNK, Plaintiff,**

**v.**

**CUNA MUTUAL INSURANCE SOCIETY, Defendant.**

**Civ. A. No. J87–0479(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 10, 1989.

John M. Mooney, Jr., Jackson, Miss., for plaintiff.

Robert H. Weaver, Neville H. Boschert, Lead Counsel, Watkins, Ludlam & Stennis, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant CUNA Mutual Insurance Society (CUNA Mutual) for summary judgment or in the alternative, partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Vinton L. Sistrunk has responded to the motion and the court has considered the memoranda of authorities together with attachments submitted by the parties.

This case represents plaintiff's effort toward recovery under a certain policy of hospitalization insurance issued to plaintiff by CUNA Mutual; defendant has denied payment on the basis that Sistrunk's claim is for losses not covered under the terms of the policy. The relevant facts, as revealed by the record in this cause, demonstrate that in February 1985, plaintiff, as a member of the USDA Credit Union, received in the mail a sales brochure advertising certain group hospitalization indemnification insurance offered by CUNA Mutual. Sistrunk completed an enrollment form and was issued a Group Hospital Indemnity Certificate which provided a $50 per day benefit for each day of confinement in a "hospital" as that term was defined in the policy.

From July 1985 through August 14, 1985, Sistrunk was hospitalized at the Veteran's Administration (VA) Hospital in Jackson, Mississippi for the treatment of alcohol abuse. Though plaintiff, upon his discharge, submitted to defendant a completed claim form as required by his policy, CUNA Mutual denied the claim citing as the reason for denial that the VA Hospital in which he had been confined was not a "hospital" as defined in the policy.

In October 1985, plaintiff was again hospitalized for substance abuse, this time at Doctors Hospital in Jackson, Mississippi.[1] Again, plaintiff sought to secure from defendant the payment of policy benefits for his confinement. Initially, CUNA Mutual denied Sistrunk's claim as one for a pre-existing condition and thus a confinement excluded under the policy. Later, though, it withdrew that as a basis for its denial but nevertheless denied the claim based on its determination that the confinement was not in a "hospital" as defined by the policy.

## THE COVERAGE ISSUE

The Group Hospitalization Indemnity Certificate at issue in the case at bar defines the term "hospital" as

an institution which is a short term acute care general hospital. Its main purpose must be to provide medical care and treatment to the injured and sick persons on a resident patient basis. It must have facilities for medical diagnosis and treatment by or under the supervision of one or more Physicians. It must provide 24 hour a day nursing service by or under the supervision of a Registered Nurse. It must have organized departments of medicine. *It may not include* a rest, convalescent, extended care, rehabilitation, chronic or skilled nursing facility; home for the aged; *a place for the care*

[1] The purpose of his confinement at Doctors Hospital, according to plaintiff, was for the treatment of addiction to the prescription drugs Tranxene and Xanex. Defendant claims that Sistrunk was hospitalized because of alcohol and prescription drug abuse. This dispute, related only to the pre-existing condition exclusion in the policy, has proven immaterial to the court's resolution of the present motion.

*and treatment of drug addicts or alcoholics,* or a mental institution; *nor does it include any ward, room, wing or other section of the Hospital that is used for such purposes;* whether or not such facility is part of a Hospital, as defined herein, or is an entirely separate facility (emphasis added).

Plaintiff acknowledges that for both of the confinements for which he seeks recovery under the policy, he was hospitalized for alcohol and/or drug abuse. Thus, it cannot be disputed that Sistrunk was, during each hospitalization, confined in a "ward, room, wing or other section of" the VA Hospital and Doctors Hospital, respectively, that is used for the care and treatment of drug addicts and/or alcoholics. Plaintiff has, however, in response to defendant's motion for summary judgment, advanced a number of arguments which he claims mandate the denial of the motion. He first asserts that the policy is ambiguous as to the scope of its coverage. He urges, alternatively, that if, through its definition of the term "hospital," the policy does exclude treatment for alcoholism, then that provision of the policy is in violation of Mississippi statutory law regarding insurance coverage for alcoholism and is therefore void.

■ *Ambiguity.* Though plaintiff claims that the policy is ambiguous, he does not state the basis of the alleged ambiguity. Rather, he merely has directed the court to review *Kelly v. Mid–South Insurance Co.,* 294 S.C. 288, 363 S.E.2d 904 (1988), a case in which the South Carolina Supreme Court found that policy language regarding coverage for alcoholism was ambiguous. In *Kelly,* though, unlike the present case, the definition of the term "hospital" effectively excluded all coverage for alcoholism whereas the policy affirmatively provided coverage for alcoholism. In the case *sub judice,* there is in the policy no affirmative statement of nor even an implication of coverage for alcoholism which would render the definition of hospital ambiguous. Indeed, the clarity with which coverage for drug addiction and alcoholism is excluded from coverage by plaintiff's policy is unmistakable. This narrowly drawn definition of hospital clearly and unambiguously excludes such treatment from coverage.[2]

■ *Statutory Prohibition.* Plaintiff next contends that the definition of hospital, which effectively precludes coverage for treatment of alcohol and drug abuse, runs directly afoul of *Miss. Code Ann.* § 83–9–27 (Supp.1988), relating to care and treatment for alcoholism. That statute provides as follows:

> Notwithstanding any provision of any policy of accident or sickness insurance as defined by section 83–9–1, issued on or after January 1, 1975, whenever such policy provides for the reimbursement for loss resulting from sickness, or from bodily injury by accidental means, or both, said reimbursement shall include health service benefits to any insured or any person covered thereunder, on the same basis as other benefits, for care and treatment of alcoholism.

> For purposes of sections 83–9–27 through 83–9–31, alcoholism is defined as a chronic and habitual use of alcoholic beverages, by any person to the extent that such person has lost the power of self-control with respect to the use of such beverages.

Section 83–9–1 defines a policy of accident and sickness insurance as "any policy or contract of insurance against loss resulting from sickness or from bodily injury or death by accident, or accidental means, or both."

Although section 83–9–27 has been in effect since January 1975, there are no Mississippi cases which have considered the statute or its applicability to particular poli-

---

**2.** Plaintiff, in his memorandum response to the present motion, has made the observation that under this restrictive definition, he, or any other similarly situated person, could only recover policy benefits for treatment of alcoholism if that treatment was received in the halls of a hospital, so long as such hall is not located in a hospital wing or ward utilized for the treatment of alcoholism or drug addition. Thus, plaintiff himself realizes that the policy language has, as was intended, effectively excluded coverage for the treatment of alcohol dependence.

cies or policy provisions. According to plaintiff's interpretation of the statute, where any policy covers the "sickness" risk, benefits must also extend to the care and treatment of alcoholism. In this court's opinion, the statute has no application to the policy presently under consideration. By its terms, section 83–9–27 is limited in application to any policy of accident and sickness insurance which provides for "the reimbursement for" loss caused by sickness, bodily injury by accidental means, or both. The hospitalization policy at issue here, while properly considered a "policy of accident and sickness insurance," does not fit within the more limited policy description of section 83–9–27. Unlike a medical expense policy or a hospitalization policy which provides for payment of the expenses involved in hospitalization, this policy provides indemnity at a flat rate, $50 daily, irrespective of the actual charges or medical expenses incurred. That is, the policy issued to plaintiff does not provide for "the reimbursement for" any loss. *See Evans v. Lifetime Security Life Ins. Co.*, 275 So.2d 432, 433 (La.Ct.App.1973) (similar language in hospitalization policy held not designed for reimbursement of medical expenses).[3]

The policy issued by CUNA Mutual to plaintiff is clearly intended and designed to cover acute care hospitalization as contrasted with long-term rehabilitative care. It is through the definition of hospital that the policy accomplishes that result by excluding coverage for confinements which can be expected to be of a long-term rehabilitative nature, as for example, confinements for the treatment of alcoholism and drug addiction. Because the policy so provides in clear and unambiguous language and does not violate section 83–9–27, and because plaintiff's confinements at the VA Hospital and Doctors Hospital were concededly for alcohol and/or drug abuse, benefits are not payable under the policy, and defendant's denial of such benefits was in accordance with policy terms and was lawful.

## MISREPRESENTATION

Plaintiff has alleged that he relied upon representations contained in the brochures and advertisements provided by defendant, which representations were false, and thereby suffered actual loss as a result of those misrepresentations. To prevail on a claim of fraud, plaintiff must prove, by clear and convincing evidence, the following elements: "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury." *Watson v. First Commonwealth Life Ins. Co.*, 686 F.Supp. 153, 155 (S.D.Miss.1988) (quoting *Martin v. Winfield*, 455 So.2d 762, 764 (Miss.1984)). Even assuming for the sake of argument that plaintiff has pled the necessary elements of fraud with the specificity required by Federal Rule of Civil Procedure 9, he has not come forward with facts sufficient to prove his claim of fraud.

Sistrunk has asserted, in general terms, that when he elected to obtain the policy, he was enticed to believe the policy would pay benefits for any injury which befell him but ultimately, it did not. Yet plaintiff has not alleged what misrepresentations were made by CUNA Mutual, nor the manner in which his reliance on any misrepresentations caused him to suffer loss. He has acknowledged in deposition testimony that he understood that alcohol treatment would not be covered by the policy; thus, he did not rely on any statements by CUNA Mutual regarding coverage for alcohol dependency in purchasing the coverage. The lack of any proof on these critical elements of plaintiff's cause of action

---

3. The court would note that, if, as Sistrunk claims, his confinement at Doctors Hospital was for drug addiction and not alcohol abuse, *see supra* n. 2, section 83–9–27 would not even be implicated for that section only proscribes exclusions from coverage relating to the care and treatment of alcoholism.

based on common law fraud is fatal to that claim.

## FALSE ADVERTISING

█ Closely related to Sistrunk's claim for fraud is his cause of action for false or misleading advertising, predicated on an alleged violation of *Miss.Code Ann.* § 97–23–3 (1972). That section prohibits the dissemination of any advertisement which "contains any assertion, representation or statement of fact which is untrue, deceptive or misleading...." As with plaintiff's misrepresentation avements, he has presented no facts whatsoever to support a claim that CUNA Mutual made any misstatements in its brochures or other advertisements. Accordingly, this claim cannot succeed.

## FIDUCIARY DUTY

█ Despite plaintiff's argument that there existed a fiduciary relationship between these parties, it is well established under Mississippi law that an insurer owes no fiduciary duties to its insured in a first-party insurance relationship. *See Harrison v. Benefit Trust Life Ins. Co.*, 656 F.Supp. 304, 305 (N.D.Miss.1987); *Gorman v. Southeastern Fidelity Ins. Co.*, 621 F.Supp. 33, 38 (S.D.Miss.), *aff'd.*, 775 F.2d 655 (5th Cir.1985). Accordingly, Sistrunk's claim for breach of fiduciary duty must fail.

## PUNITIVE AND EXTRA–CONTRACTUAL DAMAGES

Because the court has concluded that CUNA Mutual has no contractual liability to plaintiff, and that there is no proof of fraud or that defendant breached a fiduciary duty to the plaintiff, then under Mississippi law, there is no basis for the recovery by plaintiff of punitive damages, extra-contractual compensatory damages or attorney's fees. *See McCain v. Northwestern Nat'l Ins. Co.*, 484 So.2d 1001, 1002 (Miss. 1986).

Based on the foregoing, the court concludes that defendant's motion for summary judgment is well taken and should be granted. Accordingly, it is ordered that defendant's motion for summary judgment is granted. A separate judgment shall be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED.