**Karl R. GORMAN,
Plaintiff/Counter-Defendant,**

v.

**SOUTHEASTERN FIDELITY INSURANCE COMPANY, Defendant/Counter-Plaintiff/Third-Party Plaintiff,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Third-Party Defendant.**

Civ. A. No. S84–0134(R).

United States District Court,
S.D. Mississippi, S.D.

April 1, 1985.

**34**

Donald C. Dornan, Jr., Denton Persons, Dornan & Bilbo, Biloxi, Miss., for plaintiff Gorman.

Floyd G. Hewitt, Jr., Bryan, Nelson, Allen, Schroeder & Compton, Biloxi, Miss., for defendant Southeastern Fidelity.

Robert Alan Byrd, Rushing & Guice, Biloxi, Miss., for defendant General Motors.

## MEMORANDUM OPINION

DAN M. RUSSELL, Jr., District Judge.

This motion is presently before the Court on the defendant's motion for summary judgment to dismiss plaintiff's complaint, or in the alternative, partial summary judgment on the issue of punitive damages. The plaintiff's complaint alleges tortious breach of contract, breach of fiduciary duties, and fraud in the inducement resulting from a one car accident which occurred on June 4, 1983 at approximately 5:20 pm on Lamey Bridge Road in North Biloxi, Mississippi. Plaintiff's original contractual claim for the cash value of the car has apparently been paid by the defendant and accepted by the lienholder of plaintiff's automobile, General Motors Acceptance Corporation.

After reviewing the submitted deposition excerpts, affidavits, and the pleadings, the

Court has found the following relevant facts to be undisputed:

1. That on or about June 3, 1982, the plaintiff purchased from Southeastern, by application through the Buntyn and Veazey Insurance Agency of Gulfport, Mississippi, the automobile policy that is the subject of this lawsuit covering the plaintiff's 1981 Pontiac Grand Prix.

2. That said application indicated the plaintiff's address as Route 12, Box 68, Lot 128, Gulfport, Mississippi.

3. That a policy was issued and sent by Southeastern to the address set out in the plaintiff's application and was received by him at that address.

4. That the policy period for the subject contract of insurance was June 3, 1982 through June 3, 1983.

5. That the said policy providing, among others, collision coverage was not a continuing agreement but a one year contract requiring a new application for each succeeding policy period. Further, the contract specifically provided that no renewal shall be effective prior to the actual receipt by the company of the renewal premium at the company's office.

24. Renewal of Coverage

*All coverages afforded hereby shall expire at the expiration of the term of this policy* or at the expiration of any renewal term thereof. In the event the insured and the Company agree to renew this policy, such renewal may be effected by means of a renewal certificate to be attached to this policy, or at the option of the Company by issuance of a new policy, but *no renewal term shall become effective prior to the actual receipt of the premium in payment for the same and acceptance thereof by the company at the Company's office.* (Emphasis added)

6. That around the month of March, 1983, the plaintiff moved from Route 12, Box 68, Lot 128, Gulfport, Mississippi to Route Three, Box 235, Saucier, Mississippi, but did not notify the defendant or Buntyn and Veazey Insurance Agency.

7. That the plaintiff never came in to make arrangements for the renewal of his policy and the original policy expired on June 3, 1983 at 12:01 am.

8. That on June 4, 1983 at approximately 5:20 pm, the insured while driving the said 1981 Pontiac Grand Prix was involved in a one car accident, resulting in the said vehicle colliding with some trees.

9. That the plaintiff reported the accident to the Buntyn and Veazey Insurance Agency on the following Monday who passed this information along to the company.

10. That the claim was denied by the company on the grounds that no coverage was in existence under the subject policy because it had expired at 12:01 am on June 3, 1983.

11. That the plaintiff then retained counsel who made demand on the defendant for payment under the policy relying on their interpretation of § 83–11–5 and § 83–11–7 of the Mississippi Code of 1972, as requiring among others, notice to an insured that his policy is about to expire unless renewed; that the company is willing to renew the policy; and, unless such notice is given, the policy automatically renews.

12. That the defendant's employees reviewed § 83–11–5 and § 83–11–7 and called Mississippi counsel concerning said statutes and notice. That, after consulting with said attorney, Southeastern reaffirmed its denial based on the expired policy and its interpretation of said sections as not requiring such notice.

13. That after further correspondence between the parties, Southeastern paid GMAC, as loss payee and lienholder on said vehicle and obtained an indemnifying release.

14. That despite this payment, on February 13, 1984, the plaintiff filed suit against the defendant alleging that it had wrongfully denied the claim and, in so doing, was guilty of bad faith.

In order for punitive damages to be awarded for tortious breach of contract, the insurer's refusal to pay a claim must be attended by intentional wrong, insult, abuse, or gross negligence as to consist of an independent tort. *Standard Life Ins. Co. of Indiana v. Veal*, 354 So.2d 239, 247 (Miss.1978). Such damages should be allowed only within narrow limits since they are assessed as an example and warning to others. *Id.* Punitive damages are not permitted when an insurance company has a legitimate or arguable reason for failing to pay a claim. *Merchants Nat. Bank v. Southeastern Fire Ins. Co.*, 751 F.2d 771 (5th Cir.1985); *Reserve Life Ins. Co. v. McGee*, 444 So.2d 803 (Miss.1983); *Consolidated American Life Ins. Co. v. Toche*, 410 So.2d 1303 (Miss.1982).

The Court must determine whether the uncontroverted facts in this case support a claim for punitive damages under Count I of plaintiff's complaint.

The defendant contends that Mississippi case law has not definitively addressed the issue whether Miss.Code Ann. § 83–11–5 and § 83–11–7 (1972) requires an automobile insurance carrier to notify its insured that his policy is about to expire and that it is willing to renew the existing or expiring policy. In light of this unsettled principal of law and defendant's reliance upon the advice of retained counsel, the defendant argues that its denial of the plaintiff's claim was not in the face of an established obligation. Therefore, its actions were based upon a legitimate and arguable reason barring the imposition of punitive damages.

This Court need not embark at this time upon an *Erie* bound journey to actually determine if notice was required, but only need decide whether, as' a matter of law, an arguable reason existed for the defendant's denial of the plaintiff's claim.

Miss.Code Ann. § 83–11–5 concerning notice of cancellation and Miss.Code Ann. § 83–11–7 pertaining to nonrenewal read as follows:

§ 83–11–5. Notice of cancellation.

No notice of cancellation of a policy to which section 88–11–3 applies shall be effective unless mailed or delivered by the insurer to the named insured at least twenty (20) days prior to the effective date of cancellation; provided, however, that where cancellation is for nonpayment of premium at least ten (10) days' notice of cancellation accompanied by the reason therefor shall be given. Unless the reason accompanies or is included in the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer not less than fifteen (15) days prior to the effective date of cancellation, the insurer will specify the reason for such cancellation.

This section shall not apply to nonrenewal.

§ 83–11–7. Nonrenewal.

*No insurer shall fail to renew a policy unless it shall mail* or deliver to the named insured, at the address shown in the policy, at least thirty (30) days' advance notice of *its intention not to renew.* This section shall not apply:

(a) if the insurer has manifested its willingness to renew, subject to certain specified conditions which are not met by the insured; nor

(b) if the insured has manifested its unwillingness to renew; nor

(c) in case of nonpayment of premium; nor

(d) in case of failure to make timely payment of dues to, or to maintain membership in good standing with, a designated association, corporation, or other organization where the original issue of such policy or renewal was dependent upon such membership; provided that notwithstanding the failure of an insurer to comply with this section, the policy shall terminate on the effective date of any other insurance policy with respect to any automobile designated in both policies.

Renewal of a policy shall not constitute a waiver or estoppel with respect to

grounds for cancellation which existed before the effective date of such renewal, and if a policy shall be cancelled as authorized by this article prior to such policy's renewal, such cancellation shall terminate any right of renewal conferred by this article. (Emphasis added)

Although Section 83–11–7 explicitly requires notice to the insured when the insurer intends not to renew a policy, it does not specifically state if notice is required before coverage terminates when an insurer is willing to renew an existing policy but has not heard from the insured as the anniversary date approaches. There has been no reported case law which has confronted this issue. The one reported decision which refers to Miss.Code Ann. § 83–11–7 (1972) concerns only whether the insured had provided sufficient notice of its intention not to renew an existing policy. *See Henderson v. United States Fid. & Guar. Co.*, 620 F.2d 530 (5th Cir.1980).

In addressing issues of first impression and interpreting ambiguous contracts, the Mississippi Supreme Court has refused to award punitive damages even though it ultimately decided against the defendant insurance company. In *Gulf Guaranty Life Insurance Co. v. Kelley*, 389 So.2d 920 (Miss.1981), the defendant insurance company cancelled plaintiff's insurance policy within ninety days of issuance as allowed by the policy. However, the cancellation occurred after the plaintiff suffered a heart attack. The Mississippi Supreme Court held that for public policy reasons the defendant was estopped from cancelling the policy after the onset of an illness. Although the Court allowed actual damages, it denied punitive damages reasoning that an arguable reason for failing to pay the claim existed since it was the first time the Court had addressed such a cancellation provision of a master policy. *See also Consolidated American Life Insurance Company v. Toche*, 410 So.2d 1303 (Miss. 1982).

In *Michael v. National Security Fire and Casualty Company*, 458 F.Supp. 128 (N.D.Miss.1978), Chief Judge Keady was faced with the interpretation of an ambiguous fire insurance policy. Although the Court interpreted the policy against the defendant insurance company, it granted defendant's motion for summary judgment barring punitive damages stating:

> Since this is a case of first impression in Mississippi, and no cases directly in point have been cited to the court or revealed by our research, National Security's reason for denial of plaintiff's claim can fairly be characterized as "legitimate" or arguable", and, therefore, an award of punitive damages is inappropriate.

*Id.* at pp. 131–132. *See also Black v. Fidelity and Guaranty Insurance Underwriters*, 582 F.2d 984, 991 n. 14 (5th Cir. 1978). ("We note that had the only question been whether the policy had been effectively cancelled on the day preceding the accident, the defendant clearly would have had an arguable reason for denying the claim, given the ambiguity of Miss.Code Ann. § 83–11–5.")

Furthermore, the Fifth Circuit has stated that "good faith reliance upon advice of counsel may prevent imposition of punitive damages." *Henderson v. United States Fid. & Guar. Co.*, 695 F.2d 109, 113 (5th Cir.1983); *Stanton Brooks v. Astra Pharmaceutical Products Inc.*, 718 F.2d 553, 580 (3rd Cir.1983). After being approached by plaintiff's counsel who propounded his opinion that notice was due and payment was being wrongfully denied, the defendant retained Mr. Frank Montague, Jr., a licensed attorney, for advice. As evidenced by his affidavit, Mr. Montague researched Sections 83–11–5 and 83–11–7 and expressed his opinion that no notice was required by Mississippi law. The defendant continued to deny payment based upon the advice received.

The lack of specific statutory language and judicial interpretation concerning the notice requirement in approaching policy expiration situations clearly provides the defendant a legitimate basis to rely on its own statutory interpretation and policy provisions. Therefore, it is the opinion of this Court that the defendant denied pay-

ment as a result of what was no more than a legal dispute arising from insufficient legal authority governing the issue of notice. Such as factual setting enables this Court to determine that there was no element of aggression, insult, malice or gross negligence which would evince a ruthless disregard for the rights of Karl Gorman by Southeastern.

Defendant had an arguable reason for denying the plaintiff's claim since as of the time of the dispute, and this opinion for that matter, the issue of whether notice is required as matter of law under the facts sub judice has never been determined. Therefore, a claim for punitive damages is held to be inappropriate. Such a holding also precludes any claim for punitive damages under Counts II and III of the plaintiff's complaint as well as any claim for extracontractual damages and emotional distress since the same elements of willful and intentional wrong, malice, or gross negligence would have to exist. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 208 (5th Cir.1983); *Horton v. Hartford Life Ins. Co.*, 570 F.Supp. 1120, 1124 (N.D.Miss. 1983); *T.G. Blackwell Chevrolet Co. v. Eshee*, 261 So.2d 481, 485 (Miss.1972).

The Court is also of the opinion that summary judgment should be granted as to Count II and Count III of the plaintiff's complaint alleging breach of fiduciary duty and fraud in the inducement respectively, on additional grounds.

■ Under Mississippi law, there is no fiduciary relationship or duty between an insurance company and its insured in a first party insurance contract. *George Norris, Jr. v. First Federated Life Insurance Company*, Civil Action No. S82–0090(N) (S.D.Miss. Order of August 12, 1982); *Equitable Life Assurance Society v. Weil*, 103 Miss. 186, 60 So. 133 (1912). The relationship which does exist is one that is contractual in nature, that of a debtor-creditor type. *Weil*, supra; 2 Couch on Insurance 2d, § 23:11. Only when a third party relationship exists between the insurance company and the insured does the insurance company acquire "control" of

the litigation which gives rise to a fiduciary relationship. *See Craft v. Economy Fire and Casualty Company*, 572 F.2d 565, 567 (7th Cir.1978); *Baxter v. Royal Indemnity Company*, 285 So.2d 652 (Fla.1973); and *Walsh v. Campbell*, 130 Ga.App. 194, 202 S.E.2d 657 (1973) (reasoning that one who claims under a first party policy necessarily takes a position antagonistic to the insurer and must expect to deal with it at arm's length). Since a first party insurance contract existed between the plaintiff and defendant, this Court refuses to impose a fiduciary relationship upon the parties.

■ Count III of the plaintiff's complaint alleges fraud in the inducement. For a claim of fraud to be established, the plaintiff must prove, by clear and convincing evidence, the following elements:

(1) a representation,

(2) its falsity,

(3) its materiality,

(4) the speaker's knowledge of its falsity or ignorance of its truth,

(5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated,

(6) the hearer's ignorance of its falsity,

(7) his reliance on its truth,

(8) his right to rely thereon, and

(9) his consequent and proximate injury. *Franklin v. Lovitt Equipment Co., Inc.*, 420 So.2d 1370, 1373 (Miss.1982); *Parker v. Howarth*, 340 So.2d 434 (Miss.1976).

■ The plaintiff makes only a general allegation of fraud contrary to what is required by Fed.R.Civ.P. 9(b) which states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Such a fact pleading requirement is well established in common law and Mississippi practice. *McMahon v. McMahon*, 247 Miss. 822, 157 So.2d 494 (1963). Plaintiff's complaint simply alleges that the defendant made promises with the intent to defraud the plaintiff, that the defendant did not

intend to perform these promises, and that upon reliance of these promises the plaintiff suffered an injury. Nowhere is it stated what was the actual nature or falsity of the representations made in light of the facts of this case. The claim for coverage did not arise from an accident within the stated policy duration dates. Rather, the destruction of plaintiff's car occurred after the anniversary date of the insurance policy. It is the opinion of this Court that a representation concerning post anniversary date coverage would have had to have been made to the plaintiff in order to substantiate a claim for fraud of fraudulent inducement.[1] The record being void of any allegation or evidence to this effect entitles the defendant to summary judgment as to Count III of the plaintiff's complaint.

Summary judgment having been granted in favor of the defendant as to Counts II and III of the plaintiff's complaint, and partial summary judgment having been granted as to punitive damages under Count I of the plaintiff's complaint, requires this Court to ponder whether any issue of actual contractual damages suffered by the plaintiff remains to be tried. Plaintiff vaguely alleges under Count I that he "has suffered damages under the terms the insurance policy in an amount to be determined at the time of trial, together with interest thereon at the legal rate." The Court is unable to ascertain from the pleadings whether the plaintiff is referring to remaining, actual contractual damages or his claim for punitive/extra-contractual damages. Therefore, it is the opinion of this Court that the plaintiff's cause of action should be dismissed unless the plaintiff can amend his complaint prior to the pretrial conference to show a claim for pending, actual contractual damages exceeding the sum of ten thousand dollars. 28 U.S.C. § 1332 (1976).

An Order in accordance with this Opinion shall be provided as set forth in the Local Rules.

---

1. See findings of fact No. 5.