**Vernon COBB, Plaintiff,**

v.

**NATIONWIDE MUTUAL AUTOMOBILE INSURANCE COMPANY,
Defendant.**

**No. WC90–67–S–D.**

United States District Court,
N.D. Mississippi, W.D.

Sept. 3, 1992.

Gerald H. Jacks, Andrew M.W. Westerfield, Jacks, Adams & Westerfield, P.A., Cleveland, Miss., for plaintiff.

David D. O'Donnell, Hickman, Goza & Gore, Oxford, Miss., for defendant.

OPINION

SENTER, Chief Judge.

This bad faith insurance case is before the court on defendant's motion for summary judgment. Voluminous evidentiary material has been reviewed and legal authority (including oral argument of counsel) has been considered. The question of whether there is a genuine issue of material fact with respect to punitive damages must be answered in the negative; defendant is entitled to judgment as a matter of law.

Plaintiff's claim for benefits arises from an automobile accident which occurred on November 6, 1989. He was injured when an automobile rear-ended the truck his son was driving and in which he was a guest passenger. A formal claim was submitted on plaintiff's behalf in March, 1990, under the medical payments provisions of the subject policy. On May 8, 1990, Nationwide tendered $2,660.88 to plaintiff, but denied coverage for any bills (totaling approximately $270.00) associated with treatment for ankle/foot pain. Nationwide's reason for this position was that plaintiff suffered from numerous medical problems before the accident, including gout, and was also diagnosed with plantar fascitis, both of which are chronic. It concluded that these conditions were not consistent with traumatic injury and, therefore, not causally related to the auto accident. The claim was subsequently paid when Nationwide received a thorough medical opinion establishing a connection. However, this did not take place until after the instant litigation was instituted.

On a motion for summary judgment, the court must ascertain whether there is a genuine issue of material fact. Fed. R.Civ.P. 56(c). This requires the court to evaluate "whether there is the need for a

---

trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The United States Supreme Court has stated that "this standard mirrors the standard for a directed verdict ... which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed." *Anderson*, 477 U.S. at 250–51, 106 S.Ct. at 2511 (citation omitted). Further, the Court has noted that the "genuine issue" summary judgment standard is very similar to the "reasonable jury" directed verdict standard, the primary difference between the two being procedural, not substantive. *Id.* at 251, 106 S.Ct. at 2511. "In essence ... the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2512. In addition,

[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict—"whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."

*Id.* at 252, 106 S.Ct. at 2512 (citation omitted).

The two cases principally relied upon by plaintiff do not lend aid to the cause. *Bankers Life and Casualty Co. v. Crenshaw*, 483 So.2d 254 (Miss.1985), is an illustration of how an insurance claim should not be handled. But, as has often been pointed out, each case must be assessed on its own facts. *Crenshaw* involved a single

injury, an invalid policy definition of injury, and violation of in-house procedure. Indeed, it recognized that

[a]n insurance company faced with two separate and distinct medical theories, each of which is supported by reputable physicians, and one of which would exclude liability, probably should not have punitive damages assessed if it asserted in court the theory favorable to its position. This would be true even though a jury rejected the company's position in the trial on actual damages.

*Id.* at 274. What Nationwide had before it in the instant case was a remark in a medical summary that plaintiff's ankle/foot problem was "secondary to trauma." This same physician recommended surgery, which plaintiff rejected. Nationwide certainly was justified in conducting further investigation, especially when plaintiff's primary injuries treated after the accident were to the upper extremities—neck, shoulder, and wrist. And the opinion which triggered payment of the claim was couched in less than ironclad terms.

*Guy v. Commonwealth Life Insurance Co.*, 894 F.2d 1407 (5th Cir.1990), reversed an award of punitive damages. The panel made two important observations on the standard to be considered. First, " '[a]n arguable reason is one in support of which there is some credible evidence. There may well be evidence to the contrary. A person is said to have an arguable reason for acting if there is some credible evidence that supports the conclusions on the basis of which he acts.' " *Id.* at 1411 (citation omitted). Second, "the mere fact that an investigation of a claim is deficient or incompetent is not sufficient to establish malice, gross negligence or reckless disregard of the rights of the insured." *Id.* at 1413 (citations omitted). *See also State Farm Fire and Casualty Co. v. Simpson*, 477 So.2d 242, 250 (Miss.1985) ("not all denied claims constitute the gross, wanton or intentional conduct essential to the creation of an independent tort for which punitive damages will lie").

In the instant case, plaintiff has failed to submit summary judgment evidence that

defendant lacked a legitimate or arguable reason for delaying payment of one area of plaintiff's bills, or that defendant acted with malice, gross negligence, or reckless disregard of plaintiff's rights. Dismissal is appropriate.

Two peripheral matters must be addressed. Just prior to filing its motion for summary judgment, defendant appealed an order of the magistrate judge regarding discovery. The plaintiff's response to the motion for summary judgment did not indicate a need for the disputed material, and such has never been suggested. This court notes the magistrate judge's "concern over broad discovery requests filed by plaintiffs in insurance bad faith litigation." The plaintiff's theory throughout this litigation has been limited to the handling of his claim, not a "pattern or practice of company behavior" or violation of state law or company procedure. Therefore, in the face of plaintiff's silence on this subject in opposing summary judgment, the court deems the material to be immaterial; no ruling is necessary.

Finally, following defendant's motion for summary judgment, plaintiff filed a motion to amend the ad damnum clause of the amended complaint to raise the amount of punitive damages sought to $10,000,000.00. The request for extra-contractual compensatory damages remained at $10,000.00. A recent Mississippi Supreme Court decision, actually brought to this court's attention by defense counsel, indicates that Mississippi may be on the verge of adopting an intermediate level of damages in insurance cases. *Universal Life Insurance Co. v. Veasley,* slip op., no. 07–CA–59316, 1992 WL 30112 (Miss.Sup.Ct. February 19, 1992). The opinion has been withheld from publication, apparently on rehearing. However, this court is of the opinion that plaintiff cannot satisfy on this element of damages the jurisdictional amount required to maintain his cause of action. *See Gorman v. Southeastern Fidelity Insurance Co. v. Gorman,* 621 F.Supp. 33, 39 (S.D.Miss.), *aff'd,* 775 F.2d 655 (5th Cir. 1985). Dismissal will be without prejudice for plaintiff to pursue this cause of action in state court.