Earl WALDEN, et al.   Plaintiffs

v.

AMERICAN GENERAL LIFE and Accident Insurance Company, et al.   Defendants

Nos. CIV.A.3:02–CV–1235BN, CIV.A.3:02–CV–1653LN.

United States District Court, S.D. Mississippi, Jackson Division.

Feb. 11, 2003.

Don John W. Barrett, Barrett Law Offices, Lexington, MS, Steven A. Martino, Michael D. Hickman, Taylor, Martino & Hedge, P.C., Mobile, AL, Plaintiffs.

Thomas Julian Butler, Maynard, Cooper & Gales, PC, Birmingham, AL, for Defendants.

## *OPINION AND ORDER*

BARBOUR, District Judge.

Before the Court is the Motion of Plaintiffs Earl Walden ("Walden"), Reola Hollins ("Hollins"), and Deloise Redmond ("Redmond") to Remand.[1] Having considered the Motion, Response, Rebuttal, attachments to each, and supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

Each Plaintiff purchased a life insurance policy issued by American General Life and Accident Insurance Company ("American General"). In conjunction with the purchase of the policies, each Plaintiff paid a separate premium for a waiver of premium benefit provision, which provided that in the event that the insured becomes disabled, payment of future premiums shall be waived upon the receipt by the insurer of proof of disability. The waiver of premium includes an exclusion whereby premiums are not waived if the insured becomes disabled while the benefit is not in force, or if the insured becomes disabled due to preexisting conditions.

Plaintiffs have sued American General and several individual agents of American General ("Agent Defendants"), alleging that Defendants have collected premiums from them in violation of the premium waiver benefit. Some Plaintiffs allege that they were disabled when they purchased their policies, so that they have been paying premiums for a benefit for which they were ineligible because of the policy exclusion. Other Plaintiffs allege that they became disabled after they purchased their policies, that they were entitled to have their future premiums waived, but that Defendants continued to require the payment of premiums. Plaintiffs further al-

1. Plaintiffs Walden, Hollins, and Redmond filed suit in the Circuit Court of Holmes County, Mississippi, on June 5, 2002. Defendants removed the suit to this Court on July 11, 2002. The suit was styled *Walden v. American General Life and Accident Insurance Company*, Civil Action Number 3:02–CV–1235BN, and was assigned to Judge Barbour. Additional Plaintiffs filed suit in the Circuit Court of Holmes County, Mississippi, on October 7, 2002. Defendants removed that suit to this Court on November 5, 2002. That suit was originally styled *Booker v. American Gen-* *eral Life and Accident Insurance Company*, Civil Action Number 3:02–CV–1653LN, and was assigned to Judge Lee. On November 15, 2002, Judge Lee granted the Motion of Defendants to Consolidate case number 3:02–CV–1653LN with the previously filed case number 3:02–CV–1235BN. The parties have filed all relevant motions to decide the Motion to Remand regarding Plaintiffs Walden, Hollins, and Redmond. Only the claims of Walden, Hollins, and Redmond are considered in this Opinion and Order.

lege that the Agent Defendants either knew that Plaintiffs were disabled when they purchased their policies, or knew that Plaintiffs became disabled after their policies were issued. Plaintiffs further allege that despite knowledge of the Plaintiffs' disabilities, the Agent Defendants collected premium payments from Plaintiffs on a monthly basis.

Plaintiffs seek to hold Defendants liable for breach of fiduciary duty, fraudulent misrepresentation, and fraud by suppression and/or concealment. Plaintiffs who were disabled when they purchased their policies allege that the Agent Defendants failed to disclose that Plaintiffs were paying premiums for a benefit that would not be honored because of a policy exclusion. Plaintiffs who became disabled after their policies were issued allege that the Agent Defendants failed to disclose that Plaintiffs could invoke the premium waiver benefit. All Plaintiffs also claim that the Agent Defendants represented to them each month when they collected the premium payments that Plaintiffs must continue to make their premium payments to keep the policies in force. In summary, Plaintiffs allege that Defendants wrongfully charged and collected unnecessary payments of premiums from them.

All Plaintiffs to this suit are citizens of the State of Mississippi. Plaintiffs have brought suit against American General, which is a corporate citizen of a state other than Mississippi, and against several individual Agent Defendants, who are each citizens of the State of Mississippi. The amount in controversy exceeds $75,000. Defendants have removed the suit to this Court on the basis of diversity jurisdiction, arguing that Plaintiffs have fraudulently joined the Agent Defendants in order to defeat diversity jurisdiction. Plaintiffs have filed the present Motions to Remand, arguing that they have stated valid claims

under Mississippi law against the non-diverse individual Agent Defendants.

## II. FRAUDULENT JOINDER STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993), *cert. denied,* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989) (holding that the "removing party bears the burden of establishing federal jurisdiction."). In cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of fraudulent joinder, "it has the burden of proving the fraud." *Laughlin,* 882 F.2d at 190; *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990), *cert. denied* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). To establish fraudulent joinder, the removing party must prove: (1) that there was actual fraud in the plaintiff's pleading of the jurisdictional facts or (2) that the plaintiff has no possibility of establishing a cause of action against the non-diverse defendant in state court. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir.1999) (citations omitted); *Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir.1995); *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir.1995).

When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should "pierce the

pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *See e.g. Cavallini,* 44 F.3d at 256. *See also LeJeune v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir.1992) (holding that "a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment.... A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties."). Under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Bd. of Dental Examiners,* 204 F.3d 629, 633 (5th Cir.2000). *See also Badon v. RJR Nabisco, Inc.,* 236 F.3d 282, 286 n. 4 (5th Cir.2000) (finding that the "mere theoretical possibility of recovery under local law" does not preclude removal. "[T]here must at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder."). Further, conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined. *See Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 392–93 (5th Cir.2000); *Peters v. Metropolitan Life Ins. Co.,* 164 F.Supp.2d 830, 834 (S.D.Miss. 2001) (J. Bramlette) (holding that the allegations against non-diverse defendants "must be factual, not conclusory, because conclusory allegations do not state a claim."). Therefore, removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant. *See Badon,* 224 F.3d at 390. Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant." *Id.*

■ When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *see Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992), but "*only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts." *Badon,* 224 F.3d at 394 (alteration in original). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id.* (citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)). In the event the court, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, finds that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder" and hence no basis for asserting diversity of citizenship jurisdiction. *Jernigan,* 989 F.2d at 816.

## III. ANALYSIS

■ Although Plaintiffs have asserted several theories of recovery, the Motion to Remand focuses only on whether Plaintiffs have stated a valid claim of breach of fiduciary duty. Plaintiffs need only establish an arguably reasonable basis for predicting that state law might impose liability on a single claim against a single non-diverse Defendant in order to defeat diversity.

## A. STATUTE OF LIMITATIONS

The parties agree that the general three-year statute of limitations applies to the claims of Plaintiffs here. *See Howard v. CitiFinancial, Inc.,* 195 F.Supp.2d 811, 820 (S.D.Miss.2002). The parties disagree as to when some of the various Plaintiffs'

causes of action accrued. Defendants argue that each Plaintiff's cause of action accrued on the date that he purchased his policy. Plaintiffs argue that each wrongful collection of a premium constitutes a separate and repeated injury, so that each cause of action accrues on the date of the last injury. *See Smith v. Franklin Custodian Funds, Inc.*, 726 So.2d 144, 148 (Miss. 1998).

Regardless, at least one Plaintiff purchased her policy within the three-year statute of limitation period without applying any exception. Deloise Redmond purchased her policy on October 22, 1999, and filed suit on June 5, 2002. Thus, at least one Plaintiff has stated a claim which is not time-barred.

## B.  BREACH OF FIDUCIARY DUTY

The Mississippi Supreme Court has stated that

A fiduciary duty must exist before a breach of the duty can occur. "Fiduciary relationship" is a very broad term embracing both technical fiduciary relations and those informal relations which exist wherever one person trusts in or relies upon another. A fiduciary relationship may arise in a legal, moral, domestic, or personal context, where there appears "on the one side an overmastering influence or, on the other, weakness, dependence, or trust, justifiably reposed." Additionally, a confidential relationship, which imposes a duty similar to a fiduciary relationship, may arise when one party justifiably imposes special trust and confidence in another, so that the first party relaxes the care and vigilance that he would normally exercise in entering into a transaction with a stranger.

*Lowery v. Guaranty Bank & Trust Co.*, 592 So.2d 79, 83 (Miss.1991) (citations omitted) (finding that a question of fact existed as to whether a fiduciary relationship existed between insurance agent and insured); *see also First United Bank of Poplarville v. Reid*, 612 So.2d 1131, 1138 (Miss.1992) ("a particular fact pattern... [may] create[ ] a fiduciary relationship between lender/insurance agent and borrower/insured").

The United States Court of Appeals for the Fifth Circuit further explained that before the law will recognize the creation of a confidential relationship, *Lowery* requires "that there must be something about the relationship between the parties which would justifiably create an expectation on the part of one party that the other was protecting the first party from the occurrence of a particular risk; and, moreover, such justifiable reliance must have necessarily caused the first party to be lulled into a false sense of security so that the first party did not protect his own interest as he might have ordinarily." *Deramus v. Jackson Nat. Life Ins. Co.*, 92 F.3d 274, 278 (5th Cir.1996).

"In Mississippi, the purchase of insurance is deemed to be an arms' length transaction." *Langston v. Bigelow*, 820 So.2d 752, 756 (Miss.App.2002). Thus, "[u]nder Mississippi law, there is no fiduciary relationship or duty between an insurance company and its insured in a first party insurance contract." *Gorman v. Southeastern Fidelity Ins. Co.*, 621 F.Supp. 33, 38 (S.D.Miss.1985) (Russell, J.), *aff'd* 775 F.2d 655 (5th Cir.1985).

Courts have often found that a fiduciary relationship does not exist between an insurer and insured, or between the agent of the insurer and insured, in the context of first-party contracts. *See, e.g., Bass v. California Life Ins. Co.*, 581 So.2d 1087, 1090 (Miss.1991) (In evaluating the value of an insurance claim, an adjuster's duty runs to the insurer, not the insured), *Burley v. Homeowners Warranty Corp.*, 773 F.Supp. 844, 860 (S.D.Miss.1990) (Lee, J.)

("there is no fiduciary relationship between an insurer and insured in a first-party contract"), *Howard v. CitiFinancial, Inc.,* 195 F.Supp.2d at 823 (same).

Plaintiffs concede that Mississippi law does not recognize a fiduciary relationship between insurer and insured in a first-party contract where the insured makes a claim for benefits. Plaintiffs explain that the rationale behind the law is that the insured in such a circumstance "necessarily takes a position antagonistic to the insurer and must expect to deal with it at arm's length." *See Gorman v. Southeastern Fidelity,* 621 F.Supp. at 38 (citing *Walsh v. Campbell,* 130 Ga.App. 194, 202 S.E.2d 657 (1973)). However, Plaintiffs argue that other state and federal decisions recognize that a fiduciary relationship can arise between an insurance agent and an insured in circumstances such as those present here.

Plaintiffs acknowledge several decisions finding that no fiduciary relationship existed between an insurance agent and the insured. *See, e.g., Ross v. CitiFinancial, Inc.,* 2002 WL 461567 (S.D.Miss.2002), *Howard v. CitiFinancial, Inc.,* 195 F.Supp.2d 811 (S.D.Miss.2002), *Strong v. First Family Financial Services, Inc.,* 202 F.Supp.2d 536 (S.D.Miss.2002). Plaintiffs note that *Ross, Howard,* and *Strong* all base their findings on the lack of evidence in the record. Plaintiffs argue that such findings necessarily imply that a fiduciary relationship could be found to exist, given the proper factual support.

Plaintiffs further cite several decisions that expressly indicate that a fiduciary relationship can exist between an insurance agent and an insured under Mississippi law. In *Lowery v. Guaranty Bank & Trust Co.,* plaintiffs sued a bank and its agent for a breach of its fiduciary duty to notify them that an insurance policy had terminated. The record indicated that an agent of the lender handled all the family business, had twice extended bank notes without any formal application, and had counseled the family regarding financial and insurance matters in the past. 592 So.2d at 85. The record further indicated that the plaintiff had informed the agent that payment would not be on time, in a manner consistent with the two previous note extensions. Although the agent did not indicate that the note would be extended or renewed, the Mississippi Supreme Court found that the history between the plaintiff and the agent could have created a "relationship [whereby the Lowery's placed] trust and confidence in Guaranty Bank to the point of being less vigilant about the coverage of the credit life insurance than they had been in the past. If that were the case, the bank owed them a duty to notify them that the credit life insurance had lapsed and that it would not be in force while they waited on Mr. Lowery to return." *Id.* The court found that a question of fact existed regarding whether the lender had a fiduciary duty to notify the borrower of the expiration of the credit life insurance policy. *Id.*

Plaintiffs also direct the Court to the decision of the Mississippi Supreme Court in *Ross–King Walker, Inc. v. Henson,* 672 So.2d 1188 (Miss.1996). There, plaintiffs sued their insurance company for its failure to disclose that the plaintiffs' policy included workers' compensation death benefits coverage. 672 So.2d at 1190. One of the claims asserted by plaintiffs was that the insurer had breached its fiduciary duties by denying the existence of the coverage. *Id.* The record in *Henson* indicated that the plaintiffs relied on the insurer to tend to their insurance needs, that the insurers had handled claims and certificates of insurance for plaintiffs' clients, that plaintiffs were not knowledgeable about the insurance aspects of their business, and that although plaintiffs had signed some insurance forms, plaintiffs

had never filled in the actual information on the forms, relying instead on agents of the insurer. *Id.* at 1191. In upholding a jury verdict against the insurer that included an award of punitive damages, the Mississippi Supreme Court noted that the "jury could have found that [the insurer] breached a fiduciary relationship-regardless of whether [the plaintiffs] believed [the insurer] or not." *Id.*

The Mississippi Supreme Court has found that a fiduciary relationship was created between a bank and its customer where the bank essentially became an insurance agent for the procurement of credit life insurance for the customer through a practice of offering credit life insurance to the customer in conjunction with making loans and subsequent extensions thereof. *See First United Bank of Poplarville v. Reid,* 612 So.2d 1131 (Miss.1992).

The Mississippi Supreme Court has also found that a bank and an insurance company, acting as agents on behalf of each other, had a fiduciary duty to their customer to whom they had extended loans and sold insurance thereon. *See American Bankers Insurance Co. of Florida v. Alexander,* 818 So.2d 1073 (Miss.2001). The duty found in *Alexander* was found to have been breached when the insurance company and bank failed to inform their customer about a profit sharing scheme between the two. *Id.* at 1085. In finding the existence of a fiduciary relationship, the court noted that the bank and insurance company were in strong financial positions, whereas their customer lacked sophistication and knowledge in the area. *Id.* The court stated that these disparities in knowledge and strength made the customer dependent on the bank and insurance company, so that the customer could justifiably repose his trust in them. *Id.*

Plaintiffs argue that the circumstances present here supply the indices of trust and dependence contemplated under the law of Mississippi as stated in *Lowery v. Guaranty Bank,* and as interpreted in the cases discussed above. Specifically, Plaintiffs direct the Court to the following portions of their Complaint as establishing a factual context sufficient to create a fiduciary relationship between the Agent Defendants and Plaintiffs:

[36.] At all material times herein, the Resident Defendants held themselves and the Corporate Defendants out to the Plaintiffs as highly knowledgeable with respect to insurance matters. Because the Resident Defendants visited the Plaintiffs in their homes every month to collect premium payments, the Resident Defendants developed a close personal relationship with the Plaintiffs. As a result of this close personal relationship, the Resident Defendants became the Plaintiffs' friends, confidantes, and financial and insurance advisors. The Plaintiffs were in a weak financial position, especially in comparison to the Defendants and had a lack of sophistication and knowledge relative to insurance matters. Plaintiffs therefore justifiably reposed trust in and dependence upon the Resident Defendants to properly advise them on financial and insurance matters related to the purchase of insurance products, including the policies identified herein, and further to properly advise them with respect to the payment of premiums on said policies, including whether the Plaintiffs should continue to pay the premiums due under the policies in light of their disabilities. The Resident Defendants accepted the trust and dependence placed in them by the Plaintiffs, and in so doing, undertook to properly advise the Plaintiffs on financial and insurance matters related to the sale and servicing of, and premium payments for, the insurance products sold to the Plaintiffs, including the policies of insurance identified herein. As a result of

the matters previously alleged, the Resident Defendants exerted a dominant influence over the Plaintiffs with regard to said insurance matters, and the Plaintiffs justifiably expected that the Resident Defendants would deal with them fairly and in good faith relative to said insurance matters.

. . . . .

42. The insurance policies sold to the Plaintiffs were contracts of adhesion that were prepared by the Corporate Defendants and were not subject to negotiation. Plaintiffs are unsophisticated consumers, ill-equipped to understand the technical language used in connection with these policies. During the solicitation and servicing of the Plaintiffs' policies, the Resident Defendants held themselves out as experts in the area of insurance coverage, benefits, and exclusions. Plaintiffs justifiably reposed trust in the Resident Defendants and relied upon the Resident Defendants to advise them relative to their insurance needs in light of the Plaintiffs' health and financial position.

43. In light of the relationship between the Plaintiffs and the Resident Defendants, the Resident Defendants had a fiduciary duty to provide complete and truthful information to Plaintiffs when they solicited, sold, and collected premiums on the policy of insurance made the basis of this suit. Moreover, the Resident Defendants had a duty to act in the best interests of the Plaintiffs, or at least not to act in a manner which was directly adverse to the interests of the Plaintiffs. The Resident Defendants had a duty to act in a manner that was in all respects consistent with the trust an confidence justifiably reposed in them by the Plaintiffs.

44. The facts as pled herein demonstrate that the Plaintiffs justifiably reposed special trust and confidence in the Resident Defendants. As such, the facts as alleged herein show that a fiduciary or confidential relationship existed between the parties. Due to this fiduciary or confidential relationship, the Plaintiffs were lulled into relaxing the normal care and vigilance they would have exercised had they entered into the same transactions with a stranger. As such, the Plaintiffs did not use, and were not required to use, the same degree of diligence and care they would have used when engaging in an arms-length transaction.

Complaint, ¶¶ 36, 42–44.[2]

■ The Court agrees that this suit differs from one in which plaintiffs allege that an insurance agent has breached a fiduciary duty relating to the recovery of a claim against the insurer. Here, Plaintiffs alleged that Agent Defendants had a fiduciary duty to only collect insurance premiums that were actually due under the policy and to disclose to Plaintiffs that they were paying premiums for a benefit which would not be honored. Plaintiffs further allege that the Agent Defendants breached this fiduciary duty.

However, Plaintiffs have not directed the Court to any case in which Mississippi law recognized the creation of a fiduciary duty between an insurance agent and an insured under circumstances similar to those presented here. The cases cited by Plaintiff each involve circumstances indicating a history of dealings between the parties giving rise to a fiduciary relationship. The circumstances here do not involve such circumstances. Rather, the circumstances here indicate a simple rela-

---

**2.** The quoted language is taken from the Complaint filed by Plaintiffs Walden, Hollins, and Redmond.

tionship between an insurance salesman and a client. Such a relationship is not the basis for a fiduciary relationship in and of itself.

Furthermore, the Court finds that the allegations which Plaintiffs claim will establish the existence of a fiduciary duty are merely conclusory. Plaintiffs have alleged no specific facts that, if proven, would establish a course of dealing or relationship sufficient to give rise to a confidential or fiduciary relationship. Plaintiffs have alleged, with no factual support, that the Agent Defendants became the friends, confidantes, and financial and insurance advisors of Plaintiffs. Such conclusory allegations are insufficient to establish an arguably reasonable basis for predicting that Mississippi law might impose liability for a breach of fiduciary duty.

█ Because the Court finds that Plaintiffs have no arguably reasonable basis for recovery for breach of fiduciary duty under Mississippi law,[3] the Court further finds that Agent Defendants Walden, Hollins, and Redmond were fraudulently joined. Accordingly, complete diversity of jurisdiction exists in this suit, and the Motion to Remand must be denied.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that the Motion of Plaintiffs Earl Walden, Reola Hollins, and Deloise Redmond to Remand [10–1] is hereby denied.

**3.** In the Motion to Remand, Plaintiffs argued they had stated valid state law claims for breach of fiduciary duty, and that their claims were not barred by either the statute of limitations or the voluntary payment rule. Because Plaintiffs raised no arguments concerning the other causes of action raised in their Complaint, the Court will not address those causes. Additionally, because of the finding of the Court regarding claims for breach of fiduciary duty, there is no need to address the arguments regarding the voluntary payment rule.