**Frank S. TIPTON III Plaintiffs**

v.

**NATIONWIDE MUTUAL FIRE IN-SURANCE COMPANY and Patrick Blankenship Defendants**

**No. CIV.A. 1:02CV874GR.**

United States District Court,
S.D. Mississippi,
Southern Division.

July 15, 2003.

Robert F. Weaver, Jr., Attorney, D'Iberville, MS, for Plaintiffs.

Peter C. Abide, Compton, Crowell & Hewitt, Biloxi, MS, for Defendants.

## MEMORANDUM OPINION

GEX, District Judge.

This cause comes before the Court on motion of the Plaintiff to remand [5–1] the above referenced action to the Circuit Court of Jackson County, Mississippi. Also pending before the Court is the motion of the Defendant, Patrick Blankenship, to dismiss [9–1] the claims brought against him. The Court has duly considered the record in this action, and the briefs of counsel, and being fully advised in the premises, concludes as follows.

The Plaintiff filed his complaint on October 18, 2002. The suit was removed to this Court on December 9, 2002, with the Defendants claiming that Tipton fraudulently joined the instate defendant, Blankenship, in an attempt to defeat federal jurisdiction.

The lawsuit ensued following a residence fire which occurred on October 19, 2001. The fire occurred at Tipton's Ocean Springs, Mississippi, residence where he lived with his 16–year–old daughter and a tenant, Roseanne Tate. Nationwide Mutual Fire Insurance Company [Nationwide] provided insurance on the property, and assigned the fire loss claim to Blankenship, a property adjuster. (Defs.'s Resp., Exh. F.) During the initial contact, Blankenship inspected the house, and took a statement from Tipton. (*Id.*) Blankenship also had Tipton sign a non-waiver, an authorization to enter and remove, and a records authorization for release, which are standard documents executed in connection with a fire loss claim. (*Id.*)

During his initial statement, Tipton told Blankenship that only he and his daughter lived at the house and made no mention of

the tenant. (*Id.*) Blankenship advanced Tipton $1,000 toward additional living expenses and $2,000 toward the contents on October 23, 2001. (*Id.*) In the following days, Tipton informed Blankenship that a tenant who lived at the home lost some personal property in the fire, and Blankenship responded by informing Tipton that personal property of a tenant or boarder were not covered under the policy. (*Id.*)

At the end of October, Blankenship received from Tipton a list of contents lost, with the list totaling $146,806 on the policy that limited contents to $104,860. (*Id.*, Exhs. A, G.) Tipton later submitted a several addendums to the list. (*Id.*)

Robert Stayton, director of property claims, reviewed the file on October 28, 2001, and directed Blankenship to refer the matter to Nationwide's special investigation unit [SIU] because the fire was incendiary in nature. (*Id.*, Exh. F.) Blankenship averred that this is standard procedure in fires of an incendiary nature and referred the matter to Rob Borham at the SIU. (*Id.*)

On October 31, Tate called Blankenship about her property to determine if the property was covered under the policy. (*Id.*) Blankenship informed Tate that her personal property lost in the fire would not be covered because she was a tenant. (*Id.*) Tate allegedly told Blankenship that most of the furniture in the house was hers. (*Id.*) Tate and Blankenship reviewed Tipton's proof of loss and confirmed that several items listed as belonging to Tipton were in fact owned by Tate. (*Id.*)

Blankenship called claims manager John Greenwood to discuss Tate's assertions regarding the contents and her claims. (*Id.*) Greenwood instructed Blankenship to get a recorded interview from Tate concerning the lease agreement with Tipton and identification of her property losses. (*Id.*)

Blankenship issued Tipton an advance of $10,800, constituting six month's living expenses, and instructed Tipton to submit a proof of loss. (*Id.*) Tipton submitted his proof of loss on November 15, 2001. (*Id.*; Exh. I.) After a review of the claim by the Nationwide claim committee, and based on potential discrepancy in the content claim, a reservation of rights letter was sent explaining duties after a loss, the inability to cover tenant property with language stressing fraud. (*Id.*, Exh. K.) Tipton was informed that the matter was under investigation on November 27, 2001. (*Id.*, Exh. F.)

Tate met with Borham of Nationwide's SIU, who took a recorded statement from Tate on November 15, 2001, which included the information provided to Blankenship regarding her loss. (*Id.*, Exh. J.) On December 5, 2001, Borham took a second recorded statement from Tate during which she reviewed the contents list submitted by Tipton, delineating items she claimed were hers, items she asserts she never saw in the home, and with providing estimated values on Tipton's items. (*Id.*)

Tipton was eventually examined under oath by an attorney, Lynn Hare Phillips on December 19, 2001, and January 7, 2002. (*Id.*, Exh. F.) Blankenship was not present during these sessions. (*Id.*) Hare Phillips, who specializes in the investigation of insurance coverage issues, opined that no clear evidence of fraud existed regarding the dwelling, and that coverage should be paid. (*Id.*, Exh. P.) She further concluded that the contents claim should be denied because clear evidence of fraud or concealment existed. (*Id.*) Nationwide's claim committee reviewed Hare Phillips' findings, and agreed to follow her recommendations. (*Id.*, Exh. F.) Tipton's attorney was notified of the decision on April 1, 2002, and Nationwide sent Tipton a letter

notifying him Nationwide's determination. (*Id.*, Exhs. Q–S.) Blankenship's involvement in the claim handling was limited to dealings undertaken with knowledge of or direction from his supervisors. (*Id.*, Exh. F.) The Defendants maintain that Tipton cannot state a claim against Blankenship which would subject Blankenship to individual liability while acting as Nationwide's agent. (Defs.' Resp., p. 7.)

Tipton alleges that he told Blankenship about Tate upon their initial encounter, and contends that he never denied that the proof of loss listed some of Tate's belongings. (Pl.'s Reb., Tipton Aff., p. 1.) Tipton asserts that he relied upon Blankenship for information, and suggested to Blankenship that questionable items be removed from the proof of loss. (*Id.*, Exh. A–3.) Tipton maintains that he followed Blankenship's directions in submitting the claim, had advised Tate that her belongings may not be covered and suggested that she contact Blankenship directly regarding her claim. (*Id.*, Tipton Aff., p. 3.) Tipton contends that the questionable items largely factored in the denial of his claim, although Blankenship allegedly told Tipton not to worry about deleting those items from his claim. (Pl.'s Reb., p. 7.) Accordingly, Tipton submits that Blankenship breached a duty owed to Tipton by engaging in a willful and deliberate campaign of delay, lack of cooperation and misinformation. (*Id.*) Tipton argues that Blankenship is not insulated from personal liability, because he allegedly conspired with his principals to deny Tipton's claim. (*Id.*)

Under the allegations of the complaint, Tipton asserts that Blankenship "engaged in a willful and deliberate campaign of delay, lack of cooperation and misinformation" and did so in conspiracy with Nationwide. (Compl., p. 3.) He contends that the denial of his claim was in bad faith and disregard for his rights such that he would

be entitled to an award of punitive damages (*Id.*)

### Discussion

■■■ It is axiomatic that federal courts are courts of limited jurisdiction, having power only over those cases authorized by the United States Constitution and federal statutes. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The burden of establishing that federal jurisdiction exists lies with the defendants because they are seeking to invoke this Court's jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001), *cert. denied* 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377. All doubts are resolved against removal. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir.1995). When a party invokes the doctrine of fraudulent joinder, the removing party must demonstrate that there is no possibility that the plaintiffs could establish a cause of action against the fraudulently joined party in state court. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999).

■■■ Under Mississippi law, where a defendant acts as an agent for a known principal, the general rule of Mississippi law is that the defendant-agent incurs no liability for a breach of duty or contract committed by the principal. *Moore v. Interstate Fire Ins. Co.*, 717 F.Supp. 1193 (S.D.Miss.1989). An agent for a disclosed principal may "incur independent liability when [their] conduct constitutes gross negligence, malice, or reckless disregard for the right of the insured." *Bass v. California Life Ins. Co.*, 581 So.2d 1087, 1090 (Miss.1991).

■■■ The determination of whether the resident defendants have been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by summary judgment-type

evidence such as affidavits and deposition transcripts submitted by the parties. *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 263 (5th Cir.1995). While not required to do so, a plaintiff may submit affidavits and deposition transcripts to supplement the factual allegations in the complaint. *Lackey v. Atlantic Richfield Co.,* 990 F.2d 202, 208 (5th Cir.1993)

 Under Mississippi law, "there is no fiduciary relationship or duty between an insurance company and its insured in a first party insurance contract." *Gorman v. Southeastern Fid. Ins. Co.,* 621 F.Supp. 33, 38 (S.D.Miss.1985), *aff'd* 775 F.2d 655 (5th Cir.1985). Further, a fiduciary relationship does not exist between the agent for the insurer and the insured, in first party insurance contracts. *Bass,* 581 So.2d at 1090. In addition, any individual, including an agent may not be held directly liable under an insurance contract if that person was not a party to the insurance contract itself, because that person has no duty arising from the policy to provide coverage. *Ironworks Unlimited v. Purvis,* 798 F.Supp. 1261, 1266 (S.D.Miss.1992) (holding adjuster had no liability under insurance contract). The claim involved herein is based on a contract of insurance between Tipton and Nationwide; Blankenship was not a party to that contract nor the party to look to for the payment of insurance benefits. *Jenkins v. Farmington Cas. Co.,* 979 F.Supp. 454, 457 (S.D.Miss.1997) (holding agent who was not party to insurance contract is not liable under contract for payment of benefits). There is no evidence of a confidential or fiduciary relationship between Blankenship and Tipton which shows that they had become friends, confidantes or that Tipton should have relied on Blankenship as an insurance advisor. *See Walden v. American Gen. Life,* 244 F.Supp.2d 689, 693–696 (S.D.Miss.2003). As such, Blank-

enship cannot be held individually liable for Nationwide's decision to withhold payment on Tipton's claims.

 The allegations of the complaint allude to a conspiracy between Blankenship and Nationwide to withhold or delay payment of Tipton's claim. Under established law, there must be two persons or entities to have a conspiracy and a corporation or an agent of that corporation cannot conspire with itself. *Howard v. CitiFinancial, Inc.,* 195 F.Supp.2d 811, 825 (S.D.Miss.2002). In this case Blankenship is an agent of Nationwide. "As a matter of law, a corporation or other company cannot conspire with itself, no matter how many of its agents participate in the complained of action." *Elliott v. Tilton,* 89 F.3d 260, 265 (5th Cir.1996). The Court finds no basis for liability against Blankenship under Tipton's alleged conspiracy claim.

Tipton presented no evidence in support of the complaint or motion to remand to connect Blankenship with any tortious conduct. The Court concludes there is no evidence that Blankenship actively participated in the alleged conduct resulting in denial of Tipton's contents claim following the fire loss. The standards for a claim of fraudulent joinder and dismissal for failure to state a claim are nearly identical, which causes the Court to conclude that Blankenship was fraudulently joined in an effort to defeat diversity in this case. *Christmon v. Allstate Ins. Co.,* 57 F.Supp.2d. 380, 381 (S.D.Miss.1999); *Griggs,* 181 F.3d at 701. The Court, therefore concludes that the Plaintiff's motion to remand should be denied. The Court further finds that Blankenship's motion to dismiss should be granted and as a result, the Court will dismiss Blankenship from this lawsuit, with prejudice. Finally, the Court finds nothing within the motion to merit an award of fees to either party as a result of the

removal. *W.H. Avitts v. Amoco Prod. Co.,* 111 F.3d 30, 32 (5th Cir.1997).

### Conclusion

For the aforementioned reasons, the Court finds that Tipton's motion to remand this case [5–1] to the Circuit Court of Jackson County should be denied. The Court finds that Blankenship's motion to dismiss [9–1] the claims asserted against him individually should be granted. A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear its respective costs in connection with these motions.

### ORDER

This cause comes before the Court on motion of the Plaintiff to remand [5–1] the above referenced action to the Circuit Court of Jackson County, Mississippi. Also pending before the Court is the motion of the Defendant, Patrick Blankenship, to dismiss [9–1] the claims brought against him. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED that the Plaintiff's motion to remand [5–1] this case to the Circuit Court of Jackson County, Mississippi, be, and is hereby denied. It is further,

ORDERED that the motion to dismiss [9–1] claims brought against Patrick Blankenship be, and is hereby, granted. It is further,

ORDERED that Patrick Blankenship be, and is hereby, dismissed with prejudice. It is further,

ORDERED that the stay order [15–1] entered in this cause on or about April 23, 2003, is hereby lifted, and this case is removed from the suspension track of this Court. It is further,

ORDERED that the parties shall contact the magistrate judge assigned to this case within five business days of the date of entry of this Order, or by no later than July 22, 2003, to schedule a Case Management Conference. It is further,

ORDERED that each party bear their respective costs associated with this motion.